**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI SAJAD FAQIRZADA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC ROKOSKY, et al.,<br><br>　　　　　　Respondents. | Civil Action No. 25-16639 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Petitioner's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 8.) Also before the Court are Petitioner's motions seeking a temporary restraining order (ECF No. 12) and to seal portions of the record (ECF No. 14). The Government filed opposition to the amended petition and motion seeking a temporary restraining order (ECF No. 15), to which Petitioner replied (ECF No. 18). For the following reasons, Petitioner's amended petition shall be denied, Petitioner's motion seeking a temporary restraining order shall be denied, and Petitioner's motion to seal shall be granted.

**I.　BACKGROUND**

　　Petitioner is a native and citizen of Afghanistan who was first encountered by immigration officials on February 6, 2022, seven miles east of the Calexico, California port of entry. (ECF No. 15-2 at 2.) Because Plaintiff admitted to crossing the border illegally, he was arrested and taken into immigration custody at that time. (*Id.*) Because Petitioner had been arrested within fourteen days of entering the United States and within 100 air miles of a port of entry, immigration officials

determined that he was subject to the expedited removal procedures outlined in 8 U.S.C. § 1225(b)(1) and its companion regulations. (*Id.* at 3.) During his initial interviews, however, Petitioner expressed a fear of returning to Afghanistan based on the potential threat posed to him and his family by the Taliban. (ECF No. 15-3 at 5-6.) Petitioner was referred for further proceedings, and immigration officials paroled him into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). (ECF No. 15-4 at 1.) That parole grant specifically stated that Petitioner's parole would terminate upon either Petitioner's departure, his removal from the United States, or at any time in the discretion of ICE. (*Id.*) On October 14, 2025, the Department of Homeland Security issued a warrant for Petitioner's arrest and a notice to appear directing him to appear for removal proceedings. (ECF No. 15-5; ECF No. 15-6.) Petitioner was taken into custody that day, and has remained detained since that time. (*See* ECF No. 1.)

**II.     LEGAL STANDARD**

A federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

**III.    DISCUSSION**

In this matter, Petitioner challenges his ongoing detention pursuant to 8 U.S.C. § 1225(b)(1). An alien who attempts to enter the United States illegally and who is detained shortly after making an unlawful crossing of the border is "treated as an applicant for admission" and is subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). As the Third Circuit has explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of aliens are subject to [detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are inadmissible due

to misrepresentation or lack of immigration papers: (1) aliens 'arriving in the United States,' and (2) aliens 'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border.'" *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution, in which case they may be referred for further proceedings regarding that fear. *Id.* Pursuant to the statute, such aliens are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Detention under the statute remains mandatory until the conclusion of the alien's credible fear or removal proceedings, after which an alien would have a final order of removal, at which point detention under the statute ends. *Id.* at 300-03.

Even where an alien is granted humanitarian parole prior to a final decision on his removal proceedings, he does not cease being subject to § 1225(b)(1). As the parole statute makes clear,

> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

8 U.S.C. § 1182(d)(5)(A). Aliens who are paroled are thus subject to the "entry fiction" in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude. *See, e.g., Doe v. Rodriguez*, No. 17-1709, 2018 WL 620898, at *6 (D.N.J. Jan. 29, 2018); *see also Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1-2 (E.D. Va. Aug. 5, 2025). Federal courts generally lack jurisdiction to review the exercise of discretion embodied in the Government's decisions to grant or deny parole. *See Ashish*

*v. Att'y Gen.*, 490 F. App'x 486, 487 (3d Cir. 2013) (citing 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii)).

The record of this matter makes it clear that Petitioner was apprehended shortly after crossing the border and within a few miles of the nearest border crossing, and as such was subject to expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). *Castro*, 835 F.3d at 425. Although Petitioner was provided humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), that statute makes it clear that his parole, and its termination, were within the Government's discretion. The statute did not change Petitioner's status as an applicant for admission subject to detention under § 1225(b)(1) because Petitioner is treated legally as if he remained at the border for the duration of that parole. *Doe*, 2018 WL 620898, at *6. Petitioner thus remained subject to both the removal procedures, and accompanying mandatory detention, which applies to aliens detained under § 1225(b)(1).[1] *Id.*; *see also* 8 U.S.C. § 1182(d)(5)(A) (alien whose humanitarian parole is terminated is to be treated as any other applicant for admission). That detention remains lawful and mandatory under the statute unless and until Petitioner's removal and credible fear proceedings run their course and finish, either with a grant of relief or a final order of removal. *Jennings*, 583 U.S. at 287-88, 300-03. Petitioner's current detention is thus lawful, and Petitioner is not entitled to a bond hearing under the statute that governs his detention. *Id.* Petitioner's contention that he is not subject to mandatory detention is thus without merit.

To the extent that Petitioner argues that his detention in any event violates Due Process, that claim is likewise without merit. Although several courts in this district have found that aliens

---

[1] To the extent Petitioner contends that the Government's discretionary decision to terminate his parole and take him back into custody was improper, this Court lacks the authority to review that action. *See Ashish*, 490 F. App'x at 487; *Doe*, 2018 WL 620898, at *8; *see also* 8 U.S.C. §§ 1182(d)(5)(A) (decision to terminate humanitarian parole is in the Government's discretion) & 1252(a)(2)(B)(ii) (habeas courts have no jurisdiction to consider challenges to such discretionary decisions in the immigration context).

who are subject to prolonged detention will be entitled to a bond hearing should their detention become so prolonged as to become arbitrary, Petitioner has currently been detained for less than three months, far shy of the lengthy detention generally necessary for mandatory detention to become arbitrary. *See, e.g.*, *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019) (finding that detention had become arbitrary at twenty months); *Otis V. v. Green*, No. 18-16219, 2019 WL 13292584, at *3 (D.N.J. May 24, 2019) (detention of nearly two years had become so prolonged as to be arbitrary and a violation of Due Process); *see also German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-13 (3d Cir. 2020) (finding that under similar mandatory detention provisions of 8 U.S.C. § 1226(c), detention can become so prolonged as to violate Due Process but noting that the Supreme Court has found detention of up to five months not to violate Due Process). Given the relatively short duration of Petitioner's detention thus far, Petitioner's current period of detention has not become so prolonged that it violates Due Process, and Petitioner's mandatory detention thus passes constitutional muster. As Petitioner's detention both comports with the relevant statutes and Due Process, Petitioner's habeas petition must be denied.

As Petitioner's habeas petition shall be denied, Petitioner's motion seeking a temporary restraining order (ECF No. 12) must also be denied as moot. Finally, having reviewed Petitioner's motion to seal portions of the record (ECF No. 14), and in light of Petitioner's clear privacy interests in keeping the information in question private, as well as Petitioner's efforts to provide redacted copies of the documents in question for the public record of this matter, Petitioner's motion to seal shall be granted. The unredacted documents (ECF Nos. 9-14, 9-15, 9-17, 9-20, 9-23, 9-24, 9-25, 9-28, 9-31, 9-32, 9-33, 9-34, 9-35) shall be sealed.

## IV.     CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 8) is **DENIED**, Petitioner's motion seeking a temporary restraining order (ECF No. 12) is **DENIED**, and Petitioner's motion to seal (ECF No. 14) is **GRANTED**.  An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**